**NOT FOR PUBLICATION**                                        **CLOSED**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

GERGELY BALLA,                          :

                                        :

                    Plaintiff,          :

          v.                            :          CIVIL ACTION NO. 10-104 (JLL)

                                        :

VORTEX t/a VORTEX RACING,               :

                                        :          **OPINION**

                    Defendant.          :

                                        :

**LINARES**, District Judge.

This matter comes before the Court on Defendant Vortex t/a Vortex Racing's

("Defendant") motion to dismiss Plaintiff's complaint for failure to provide discovery and abide

by the Court's Order of July 27, 2010.  Plaintiff did not file opposition papers.

## I.      Background

The Court will set forth only the facts relevant to the instant motion.  On July 21, 2010,

Defendant moved to compel discovery. (D.E. 4).  On July 27, 2010, Magistrate Judge Cecchi

administratively terminated the motion to compel and ordered Plaintiff to respond to all

outstanding discovery demands within ten (10) days. (D.E. 5).  To date, Plaintiff has not

responded to said demands.

On August 3, 2010, Plaintiff's counsel – Daniel N. Epstein, Esq. ("Mr. Epstein") –

moved to withdraw as attorney. (D.E. 6). On November 5, 2010, Defendant moved to dismiss

Plaintiff's complaint.  On November 29, 2010, the undersigned administratively terminated

Defendant's motion to dismiss pending Magistrate Judge Cecchi's ruling on Mr. Epstein's

motion to withdraw as attorney. (D.E. 8). On February 9, 2011, Magistrate Judge Cecchi

granted Mr. Epstein's motion to withdraw and directed Plaintiff to retain new counsel within

thirty (30) days or proceed on a *pro se* basis. (D.E. 10). To date, Plaintiff has neither represented

to the Court that he has retained counsel, nor has an attorney entered an appearance of counsel on

his behalf.

On March 22, 2011, Plaintiff filed the instant motion to dismiss Plaintiff's complaint for

failure to provide discovery.

## II.    Discussion

This Court undoubtedly has the power to dismiss a complaint on its own motion or on the

motion of an opposing party. Complaints may be dismissed by courts as part of their power to

control and manage dockets or as a sanction. Eash v. Riggins Trucking Inc., 757 F.2d 557, 568-

69 (3d Cir. 1986). Dismissal may be appropriate where a complaint facially violates a bar to suit,

violates a court order, or where a plaintiff fails to prosecute the case. Ray v. Kertes, 285 F.3d

287, 293 n.5 (3d Cir. 2002) (facial bars); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990)

(court orders); Eash, 757 F.2d at 560 (discussing dismissal for failure to prosecute in global

analysis of inherent power). There are, however, limits to a district court's inherent power, such

as the requirements of due process and the borders of judicial authority. In re Tutu Wells

Contamination Lit., 120 F.3d 368, 379, 382-84 (3d Cir. 1997), overruled on other grounds,

Comuso v. Nat. R.R. Passenger Corp., 267 F.3d 331, 338-39 (3d Cir. 2001).

The Third Circuit applies the test developed in Poulis v. State Farm Fire and Casualty Co.

to the dismissal of claims pursuant to the inherent sanction power of the district courts. 747 F.2d

863 (3d Cir. 1984). Poulis requires a district court to balance six factors in determining whether

dismissal is appropriate:

> (1) the extent of the party's personal responsibility; (2) the
> prejudice to the adversary caused by the failure to meet scheduling
> orders and to respond to discovery; (3) a history of dilatoriness; (4)
> whether the conduct of the party or the attorney was willful or in
> bad faith; (5) the effectiveness of sanctions other than dismissal,
> which entails an analysis of alternative sanctions; and (6) the
> meritoriousness of the claim or defense.

747 F.2d at 868 (emphasis in original).  This test applies, generally, to any exercise of the

sanction power of a district court depriving a party of the right to proceed with or defend a claim.

Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1148 (3d Cir. 1990).  Not all of these factors need be

satisfied for the court to dismiss a claim or complaint.  Ware v. Rodale Press, Inc., 322 F.3d 218,

221 (3d Cir. 2002).

First, Plaintiff chose to proceed *pro se* and, therefore, bears sole responsibility for the

prosecution of his claims and compliance with the rules of discovery and this Court's orders.

Second, Defendant has been denied the opportunity to develop a substantive defense as the direct

result of Plaintiff's refusal to participate in the discovery process and comply with this Court's

orders. Third, based on the facts of the this case, Plaintiff has demonstrated a wilfulness to

violate the rules of discovery and this Court's orders.  On or about February 12, 2010, Defendant

served Plaintiff with initial interrogatories and requests for production of documents.  (Hurwitz

Decl., ¶ 1). On February 16, 2010, Defendant served a second set of interrogatories. (Id. at ¶ 2).

By order dated July 27, 2010, Magistrate Judge Cecchi ordered Plaintiff to respond to all

outstanding discovery demands within ten (10) days of the entry of said order. (D.E. 5).  To date

Plaintiff has not provided the discovery requested.  Therefore, Plaintiff is in violation of

Magistrate Judge Cecchi's order.  Thus, based on Plaintiff's apparent decision not to comply

with a Court order, this Court finds that Plaintiff has engaged in willful conduct to violate this Court's order.

In sum, Plaintiff has been afforded ample opportunity to conform with the rules and orders of this Court, yet has failed to do so.  Therefore, this Court finds that when applying the Poulis test to the facts of this case, even given Plaintiff's *pro se* status, dismissal of Plaintiff's complaint is warranted.

## IV.    Conclusion

For the reasons set forth above, Plaintiff's motion to dismiss is **GRANTED**.  An appropriate order accompanies this opinion.


Dated: May 6, 2011                                    /s/ Jose L. Linares
                                                      United States District Judge